[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 1217.]

COLUMBUS SOUTHERN POWER COMPANY ET AL., APPELLANTS, *v*. PUBLIC
UTILITIES COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *Columbus S. Power Co. v. Pub. Util. Comm.*, 1997-Ohio-39.]

(No. 97-842—Submitted June 25, 1997—Decided July 3, 1997.)

APPEAL from the Public Utilities Commission, No. 96-406-EL-COI.

ON MOTION TO DISMISS, MOTION FOR LEAVE TO INTERVENE, MOTION TO STAY
BRIEFING, and MOTION TO EXPEDITE.

————————————

*Edward J. Brady* and *Marvin I. Resnik*, for appellants Columbus Southern
Power Company and Ohio Power Company.

*Betty D. Montgomery*, Attorney General, *Duane W. Luckey*, Chief, Public
Utilities Section, *Paul A. Colbert* and *Jodi J. Bair*, Assistant Attorneys General, for
appellee Public Utilities Commission of Ohio.

*Vorys, Sater, Seymour & Pease* and *M. Howard Petricoff*; and *Janine L.
Migden*, for interviewing appellee Enron Capital & Trade Resources, Inc.

————————————

{¶ 1} This cause is pending before the court as an appeal from the Public
Utilities Commission of Ohio. Upon consideration of the motion to intervene of
Enron Capital & Trade Resources, Inc.; appellee's motion to dismiss; and
appellants' motion to stay briefing and motion to expedite motion to stay briefing,

{¶ 2} IT IS ORDERED by the court that the motion to intervene be, and
hereby is, granted.

{¶ 3} IT IS FURTHER ORDERED that appellee's motion to dismiss be,
and hereby is, sustained.

{¶ 4} ACCORDINGLY, IT IS FURTHER ORDERED by the court that this
cause be, and hereby is, dismissed.

DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur in judgment.

MOYER, C.J., COOK and LUNDBERG STRATTON, JJ., would dismiss the appeal for failure of appellants to file their notice of appeal with the court and the Public Utilities Commission of Ohio as required by S.Ct.Prac.R. II(3)(B)(1) and R.C. 4903.13.

_____

**DOUGLAS, J., concurring in judgment.**

{¶ 5} I concur with the judgment of the majority to dismiss these cases. The Public Utilities Commission's entry on rehearing permitted appellant-relator (AEP) to file tariffs with the commission with regard to the establishment by the commission of guidelines for Conjunctive Electric Service ("CES") in Ohio. If AEP decided not to file tariffs, then it had the option of proceeding to a hearing in a separate case to explain why it believed it did not have to offer CES.

{¶ 6} Apparently accepting the commission's invitation, AEP did not file tariffs re CES. Therefore, pursuant to the order of the commission, AEP, arguably, elected to proceed to hearing. The commission has not yet held such a hearing and has not even, as yet, set a hearing date. Accordingly, the commission has not required AEP to offer CES and, thus, there is no final order of the commission affecting AEP. Under these circumstances, this court lacks jurisdiction to hear the appeal (case No. 97-842) of AEP, even if timely filed, and that case along with the mandamus action (case No. 97-1082) must be dismissed.

{¶ 7} Finally, it should be noted that the commission, in its argument in support of dismissal, makes some strong statements about the filing requirement with the commission being of a dual nature—filing with the commission and service upon the chairman—and that these requirements are jurisdictional. In support of its position, the commission cites *Clyde v. Pub. Util. Comm.* (1996), 77 Ohio St.3d 1418, 670 N.E.2d 1005, and *Consumers' Counsel v. Pub. Util. Comm.* (1993), 66 Ohio St.3d 1435, 608 N.E.2d 1081 (two cases). The commission's

citation of these cases is misleading to the court. While the commission's position may be, or may not be, an accurate interpretation of the law (R.C. 4903.13), the entries of the court as cited by the commission certainly do not, without more, stand for the proposition for which they are cited by the commission. All that the cited entries say is "cause dismissed." Those cases could have been dismissed for any one of a number of reasons (premature appeal, late filing, wrong parties, defective notice of appeal, etc.). To say that the cases were dismissed because of a violation of a dual filing requirement is, or at least should be, beyond the ken of the commission.

{¶ 8} Such activity by the commission and its legal staff is, in addition to the court's constitutional and statutory duties, yet another good reason for the court to do an exhaustive review of the undertakings of the commission. If not the court—who?

RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur in the foregoing opinion.

————————————